(November 18, 1896.)

## ANDOLA v. PICOTT.

[46 Pac. 928.]

EJECTMENT—FRAUDS—TENDER OF CONSIDERATION PAID—WITHDRAWAL OF TENDER.—In an action of ejectment, where the defense is the fraudulent procurement of the conveyance, and defendant seeks by way of affirmative relief to have the conveyance annulled and makes tender of the consideration paid, and on acceptance of such offer by plaintiff, withdraws the tender, it is not error for the trial court, on motion of plaintiff, to strike from the

answer of defendant so much thereof as sets up an equitable defense. Testimony in this case considered and held not to sustain defense set up in answer.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

L. Vineyard and N. M. Ruick, for Appellants.

This action was brought to recover the possession from the defendants of the premises described in the amended complaint, said right of possession being alleged to be based upon title in fee, in the plaintiff Andola, with damages for the withholding thereof. The case was tried before a jury in the district court of Ada county, Idaho, on the twenty-first and twenty-second days of March, 1896, resulting in a verdict for possession for the plaintiff Andola, under written instructions of the court, expressly directing the jury to bring in such verdict. All that portion of defendants' answer to plaintiffs' amended complaint denominated their separate defense, as well as the portion following, denominated a counterclaim, were stricken out by the court on the application of the plaintiffs' attorneys over the objection and exception of the defendants' counsel, leaving only the denials to the complaint in said answer. This act was manifest error, for the reason that the statute of the state of Idaho gave to the defendants the right to plead in their answer as many defenses as they may have, whether legal or equitable, or both. (Idaho Rev. Stats., secs. 4183, 4187.) These defenses were both legal and equitable, and alleged a fraudulent combination or scheme on the part of the plaintiffs to overreach and defraud the defendants, and particularly the defendant, Mary D. Picott, out of the land in question. (*Franklin v. Kelley,* 2 Neb. 111, 112; *Staley v. Housel,* 35 Neb. 160, 52 N. W. 888; *McTarnahan v. Pike,* 91 Cal. 542, 543, 27 Pac. 784; *Ayers v. Bensley,* 32 Cal. 625, 626; *Locke v. Moulton,* 96 Cal. 21, 30 Pac. 957.) To the introduction of plaintiffs' exhibit No. 1 (the deed), the defendants objected upon the ground following: That the same is irrelevant, immaterial and incompetent; and further it appears on the face of the deed itself that after its execution by one of the defendants the same was altered, in a

material particular after it was signed by Mrs. Picott and de-
livered by her to Andola, in this: By the insertion of the
words, "Joseph H. Picott, her husband"; that this alteration
was made on the sixth day of July, 1891, and signed by
Joseph H. Picott on that day, and again recorded at the re-
quest of said Andola on the same day. This alteration by the
plaintiff Andola is admitted by him, and the reason, or why
it was done, is not explained or attempted to be. The deed is
therefore void, and no title passed thereby. (1 Greenleaf on
Evidence, sec. 565; 2 Rice on Evidence, 852; *Trigg v. Taylor*,
27 Mo. 245, 72 Am. Dec. 263; *Campbell v. McArthur*, 2
Hawks, 33, 11 Am. Dec. 738; *Bliss v. McIntyre*, 18 Vt. 466,
46 Am. Dec. 165; *Benedick v. Cowden*, 19 N. Y. 351; *Brown
v. Straw*, 6 Neb. 537, 29 Am. Rep. 369; Rice on Evidence,
853; *Angle v. N. W. Mutual Life Ins. Co.*, 92 U. S. 330; *Den
v. Wright*, 7 N. J. L. 175, 11 Am. Dec. 546; *Wallace v. Harm-
stad*, 15 Pa. St. 462, 53 Am. Dec. 603.)

Hawley & Puckett and Hays & Johnson, for Respondents.

This is an action of ejectment for lands in Ada county.
Appellants executed and delivered to respondent Andola a
deed for the premises. Andola leased the property to Joseph
H. Picott. Appellants refused to give possession at the ex-
piration of the lease and claimed the deed and lease were pro-
cured by fraud. Appellant complains of the striking out of
the alleged equitable defense set up in the answer. This is a
question which arises purely upon the face of the pleadings.
The defense in this case as shown by the pleadings is: 1. That
Mary D. Picott was defrauded; that a certain deed was really
intended to be a mortgage on other lands; 2. That Joseph H.
Picott was so drunk when he executed the deed as to be in-
capacitated. The objection which appellants seek to urge here
cannot be considered on this record, for the reason that the
papers on which the motion was made and the order of the
court are not here. The only record of this ruling of the
court is in a recital in the statement on motion for new trial.
(Rev. Stats., secs. 4438, 4439; *Spence v. Scott*, 97 Cal. 181,
31 Pac. 52, 939.) If the defendants had been defrauded as

claimed, they could do either of two things: affirm the contract and stand on it, or rescind and claim nothing under it. From the answer it appears that they elected to rescind and are willing and ready to return the consideration received. As they desired to rescind it was necessary to put respondents in *statu quo.* (*Caldwell v. Ruddy,* 2 Idaho, 1, 1 Pac. 339; *Hammond v. Wallace,* 85 Cal. 522, 20 Am. St. Rep. 239, 24 Pac. 837; *Pico v. Gallardo,* 52 Cal. 206; *Hughes v. Davis,* 40 Cal. 117; *Montgomery v. Spect,* 55 Cal. 352; *Van Trott v. Wiese,* 36 Wis. 439; *Joest v. Williams,* 42 Ind. 565, 13 Am. Rep. 377.) This appellants declined to do, and this portion of the answer was stricken out. The pleadings contained no allegations of fraud or intoxication; no evidence on those points could be introduced. Frauds or intoxication are equitable defenses and must be pleaded. (*Wetherly v. Straus,* 93 Cal. 286, 28 Pac. 1045.) "Fraud is never to be presumed, and whenever it constitutes an element of a cause of action or of a defense which is of an affirmative nature, and invoked as conferring a right against the plaintiff, it must be alleged." (*McCreary v. Marston,* 56 Cal. 403; Pomeroy on Remedies, sec. 94; *Sharon v. Sharon,* 68 Cal. 29, 8 Pac. 614; *Wilson v. White,* 84 Cal. 239, 24 Pac. 114; *McKierman v. Lenzen,* 56 Cal. 61.) Appellant claims the deed could not be introduced in evidence because it had been altered. As the record stood at the time of the introduction of the deed the land in controversy was claimed by Mary D. Picott, wife of Joseph H. Picott, as her separate property. Such being the case it appeared on the introduction of the deed that Mary D. Picott had executed the deed on April 11, 1891, and Joseph H. Picott had joined in such execution July 6, 1891. Of course the difference in the dates of signing and acknowledging made no difference. (*Lessee of Newell v. Anderson,* 7 Ohio St. 12; *Lester v. White,* 52 Vt. 46; *Ludlow v. O'Neil,* 29 Ohio St. 181; Devlin on Deeds, sec. 469; *Lewis v. Johns,* 24 Cal. 103, 85 Am. Dec. 49.) In conveying her real estate there is this limitation: the instrument must be in writing signed by the husband and wife, and acknowledged by her. (Rev. Stats., sec. 2498.) Signing by the husband is all that is necessary; it need not even be acknowledged by him. The contract is the

wife's and only needs her husband's consent manifested by his signature to make it complete. (*Woodward v. Seaver*, 38 N. H. 29; *Stone v. Montgomery*, 35 Miss. 83; *Pease v. Bridge*, 49 Conn. 58; *Dentzel v. Waedie*, 30 Cal. 149; *Clark v. Clark*, 16 Or. 224, 18 Pac. 1; *Roberts v. McIntire*, 84 Me. 362, 24 Atl. 867; *Schley v. Pullman Palace Car Co.*, 25 Fed. 890; *Godfrey v. Thornton*, 46 Wis. 677, 1 N. W. 362.) Hence the so-called alteration was immaterial, and the deed was properly admitted. (Rev. Stats., sec. 5998; *Sedgwick v. Sedgwick*, 56 Cal. 213.) As the deed to plaintiffs was valid the question of estoppel does not arise. If it did arise we would cite: *Norton v. Nichols*, 35 Mich. 147; *O'Dell v. Little*, 82 Ky. 146; *Spafford v. Warren*, 47 Iowa, 47; *Pilcher v. Smith*, 2 Head, 208; *Shroyer v. Nickell*, 55 Mo. 264.

HUSTON, J.—This is an appeal from a judgment of the district court for Ada county in an action of ejectment. The facts as shown by the record are about as follows: On the eleventh day of April, 1891, the defendant Mary D. Picott, a married woman, was the owner and in possession of certain real estate situate in Ada county, about two and one-half miles from Boise City, in what is known as "Cottonwood Gulch," the same being her separate property, and being about —— acres in extent. This property the defendant Mary D. Picott had owned and occupied for nearly twenty years prior to said eleventh day of April, 1891. On the said eleventh day of April, 1891, said Mary D. Picott, by warranty deed, conveyed said premises to the plaintiff A. R. Andola, for the expressed consideration in the deed of $6,000. It appears from the record that the actual consideration paid by the grantee was $1,500. It appears that, at the time of the execution of such deed by the defendant Mary D. Picott, her husband, Joseph H. Picott, was not in the country. Mary D. Picott received the consideration of $1,500. On the sixth day of July, 1891, Joseph H. Picott signed and acknowledged the deed, executed and delivered by his wife, to plaintiff Andola, on the 11th of April, 1891, and received therefor from the plaintiff Andola a consideration of $100. On the same day, the plaintiff gave to said Joseph H. Picott a lease of said premises for six months

from the first day of July, 1891. On the twenty-second day
of January, 1892, plaintiff brought action in the probate court
for Ada county to recover possession of said premises. There
seems to have been a number of factions, motions, dismissals,
and other proceedings before the probate court, but, as they
cut no figure in the consideration of the question before us,
we shall not notice them. The cause was finally heard before
the district court of Ada county on the 21st of March, 1896,
with a jury, and resulted in a verdict and judgment for
plaintiffs.

The specifications of error, as the same appear in the tran-
script, are as follows: "(1) Insufficiency of the evidence to
justify the verdict, and excepted to on the trial, in this: That
the evidence is insufficient to show or prove that the deed (ex-
hibit No. 1) is in any sense a legal and valid deed of convey-
ance to the land in question by the defendant Mary D. Picott,
the evidence showing at the time that she was a married
woman, and that the land in question was her separate prop-
erty at the time of said alleged conveyance by her; and,
further, that the same was at said time occupied by her as a
homestead. That the evidence shows without dispute that said
exhibit No. 1 was signed by her, and acknowledged and deliv-
ered by her to the plaintiff Andola on the eleventh day of
April, 1891, and was thereafter, to wit, on the sixth day of
July, 1891, altered at the instance of the plaintiff Andola,
and signed by Joseph H. Picott, and at said time acknowledged
by him without the knowledge or consent of said Mary D.
Picott, the grantor named in said exhibit No. 1. That there
is no evidence that tends to show or prove that the plaintiff is
the owner or entitled to the possession of the premises in ques-
tion. Errors in law occurring at the trial, and excepted to by
the defendants at the time: 1. That the verdict is against law;
2. That the court erred in striking out defendants' separate
defense from their answer, and rejecting their evidence there-
under; 3. The court erred in giving plaintiffs' said instruc-
tion to the jury, as asked for, over the defendants' exception;
4. The court erred in refusing to give to the jury defendants'
said requests, marked Nos. 1 and 2, and to which refusal to so
instruct the defendants excepted; 5. The court erred in refus-

ing to permit the questions sought to be asked by defendants' counsel to the witnesses, Mary D. Picott, W. E. Borah, and J. B. Lyon, as set forth, and to which refusal exceptions were then and there taken; 6. The court erred in striking out all the testimony of the defendant Mary D. Picott, to the effect that exhibit No. 1 was given by her to secure the payment of $1,500 on town lots, and to which defendants then and there excepted. The above and foregoing statement on motion for a new trial, presented by the defendants' counsel, is hereby settled and allowed by me in accordance with the stipulation extending the time therefor under the statute, now on file in the above-entitled action. Settlement made over plaintiffs' objection as to form and sufficiency of statement."

These are the specifications of error as they appear in the transcript. Upon the argument before this court, and in their brief, counsel for appellants have not followed very closely either the one or the other. However, we will endeavor to get at the points made by appellants, and pass upon them. In their answer to plaintiffs' complaint, defendants set up various defenses. All the material allegations of the complaint are denied. Then follows an elaborate and extensive series of allegations, which may be summarized as follows: The defendant Mary D. Picott avers that on or about April 11, 1891, the plaintiff Andola, "for the purpose of deceiving, overreaching, and defrauding the said defendant Mary D. Picott out of the ownership and possession of said property, etc., solicited said Mary D. Picott to accept a loan for the sum of $1,500 from said plaintiff Andola," for a reasonable period of time, the period of time not being mentioned. The said plaintiff then and there falsely and fraudulently represented to the said defendant Mary D. Picott that she could pay said money back whenever it suited her convenience so to do. The said plaintiff then and there falsely and fraudulently stated to the defendant Mary D. Picott that all he wanted was the said defendants' mortgage on certain town lots, which she owned in Boise City, to secure its payment. This defense is elongated and elaborated over ten or twelve closely printed pages of the transcript. In the answer, the defendants offer to repay to plaintiff the $1,500 alleged to be the true consideration for the

deed aforesaid, together with interest thereon. Thereupon the plaintiffs file their written acceptance of such offer, and the defendants decline and refuse to make good the offer or tender set up in their answer. The plaintiffs thereupon move the court to strike out so much of the answer of defendants as sets up an affirmative defense by way of allegations of fraud in the procuration of said deed, which motion was granted by the court. And this is the first error alleged.

There was no error in granting this motion. The refusal of defendants to stand by and make good their offer made on their answer was a palpable admission of the utter want of *bona fides* or equity in their contention. Under the rules of practice recognized in this jurisdiction, defendants had set up an equitable defense to the action of ejectment. To say nothing of the incredible character of the statements of defendants, by which they seek not only to change a deed absolute on its face into a mortgage, but to also change the location and character of the real estate claimed to have been encumbered, the order of the court was proper.

It is claimed that Joseph H. Picott was induced to sign the deed while in a state of intoxication; but nothing of this kind is claimed or intimated on the part of the defendant, Mary D. Picott. On the contrary, it is made apparent from the record that Mary D. is far more than ordinarily sharp in matters of business. It is an elementary rule of equity that a party seeking relief in a court of equity must come with clean hands, and this rule is particularly applicable to a case where one seeks to set aside his solemn deed by parol testimony. But, evidently, the defendants or their counsel intended to meet this rule by making a tender of the amount they had received, or a part of it; but when the same (although a less amount than what was shown to have been paid by plaintiff) was accepted by plaintiffs, and the defendants positively refused to make their offer good, then it was the duty of the court not only to strike out the equitable defense, but the whole answer. The right of defendants to set up this defense—this equitable defense—to an action of ejectment must be conceded; but a condition precedent to any relief either at law or in equity is the restoration of the consideration. This principle is so ele-

mentary that it is surprising that it should have been over-
looked by counsel for defendants.

The multitudinous character of the defenses set up in this
case would almost persuade us that counsel are seeking to en-
tertain the court with an exhibition of skill in the art of Isaac
Walton.

It is claimed, in the first instance, that the deed from the
defendant Mary D. Picott is void, because it was not signed at
the time of its execution and delivery by her husband. This
assumption is not supported by any principle of law, equity,
or common honesty. It appears from the record that on the
eleventh day of April, 1891, the defendant Mary D. Picott sold
and conveyed to the plaintiff Andola the property in dispute,
for a consideration of $1,500, the receipt of which at the time
is acknowledged, and is not now denied. At the time of the
sale, the defendant Joseph H. Picott, the husband of Mary D.,
was not in the country, as appears from the record. That it
was the intention and understanding of the parties that on
his return he should perfect the conveyance by signing the
deed of Mary D., his wife, is justly and fairly inferable. That
he should have exacted from the plaintiff an obolus of $100 is
characteristic of and in keeping with all of the proceedings of
the defendants in this case. In the face of this record, to
claim that the deed of Mary D. Picott was void *ab initio* is an
assumption that lacks the support of any rule of law or equity
or any principle of common honesty.

In the second place, it is claimed that the deed was given
and intended to operate as a mortgage, not upon the prem-
ises described therein, but upon certain town lots in Boise City.
This contention is unsupported by any evidence except the
testimony of the defendant Mary D. Picott, and is contra-
dicted, not only by its own absurdity, but by the testimony of
various witnesses, besides the record of the acknowledgment
by said Mary D. Besides, while it is permissible to show by
parol that a deed absolute on its face was given and intended
to operate as a mortgage, we have not been shown, nor do we
think it exists outside the imagination of counsel, a case where
it has been held permissible for the court to not only change
the character of the conveyance by incorporating therein a

defeasance, but to also change the location and character of the property. The tergiversations of the defendant Joseph H. Picott in trying to deny his signature, without incurring the pains and penalties of perjury, are as suggestive of the want of *bona fides* in this defense as they are repellant to moral sense. "He who asks equity must do equity." The equity presented by the defendants, as shown in their answer, is to the effect that they should have a return of the property they honestly and fairly sold and conveyed to plaintiff, and at the same time retain the consideration they admit having received therefor; and this upon their unsupported testimony to a state of facts too utterly absurd, even were they not overwhelmingly contradicted, to entitle them to any serious consideration.

The only error the district court committed, in our opinion, was in not striking out the whole answer, and giving plaintiff judgment on the pleadings. As this was not moved by plaintiff, the court was, of course, excusable for not suggesting it. The judgment of the district court is affirmed, with costs.

Morgan, C. J., and Sullivan, J., concur.